UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>      Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:24-cv-465<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff POWER THE FUTURE ("PTF"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request submitted by Plaintiff.

2. This action is filed following State's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue.

3. State's failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, and its constructive or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

1

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUEST

9. On January 10, 2024, Plaintiff submitted by internet portal a FOIA request to Defendant seeking described correspondence of four named or described senior officials of the Office of the Special Envoy for Climate ("SPEC"), specifically which contain one or more of four keywords associated with certain outside activist entities, over a specified three-month period.

10. SPEC is an elusively hybrid office with no organic statutory authority, which reports directly to the White House while having been placed in the State Department and which, media reports in

2

major news outlets confirm, has resisted congressional oversight requests for very basic information.

11. The keywords identified in the request pertain to a program of which Plaintiff has learned, of a private party, a self-described "strategic partner" of the United Nations[1] placing "climate" 'staff' in governmental offices of the United States, e.g., in state governor's offices and/or regulatory agencies in New Mexico, North Carolina, Michigan and Wisconsin among others, expressly for the purpose of "UN strengthening."[2]

12. That this UN "strategic partner" is spending millions of dollars each year on these climate 'staff', at the same time that, public records also show, at least one other activist donor who pledged hundreds of millions of dollars more to advancing the same agenda (Michael Bloomberg) is paying 'staff' in state attorneys general and public utility commission offices to pursue the same goals, indicates a campaign to finance 'staff' at every level of government.

13. Such a practice if implemented in the federal government raises ethics and statutory concerns. See, e.g., 31 U.S.C. 1342, forbidding the acceptance of voluntary services on behalf of the Federal Government or employment of personal services in excess of that authorized by law.

14. Public records show that "[t]he SPEC office's senior director for climate finance" (name withheld) sought a meeting to discuss "all the elements we can't put on paper" about SPEC's budget. (Thomas Catenacci, "John Kerry's secretive climate office discussed keeping plans off

---

[1] See, e.g., https://unfoundation.org/who-we-are/our-mission/ and United Nations Foundation profile at https://www.guidestar.org/profile/58-2368165.
[2] See Thomas Catenacci, "United Nations Foundation is quietly fueling climate policy, funding staff in Dem states," FoxNews.com, February 5, 2024, https://www.foxnews.com/politics/united-nations-foundation-quietly-fueling-climate-policy-funding-staff-dem-states; see also, UN Foundation IRS Form 990s, https://unfoundation.org/who-we-are/our-financials/.

'paper,' emails show," FoxNews.com, August 19, 2022, https://www.foxnews.com/politics/john-kerrys-secretive-climate-office-discussed-keeping-plans-paper-emails-show.)

15. Recently, a media outlet reported one of the parties financing this campaign had revealed the name of one of these SPEC officials, Reed Schuler, describing him as the Office's "executive director of management and implementation" (Jimmy Quinn, "John Kerry Staffer Spoke at Climate Meeting alongside CCP Front Group," National Review, February 1, 2024, https://www.nationalreview.com/2024/02/john-kerry-staffer-spoke-at-climate-meeting-alongside-ccp-front-group/).

16. This same individual now holding a senior position in SPEC, Mr. Schuler, is known to have previously been placed by this UN "strategic partner" as "climate" advisor to a United States governor, Jay Inslee of Washington State. ("Climate of Unaccountability," *Wall Street Journal*, January 11, 2018, https://www.wsj.com/articles/climate-of-unaccountability-1515717585.).

17. This information and Defendant's curious and selective refusal to release the names and titles of senior "SPEC" personnel raises legitimate concerns of great public interest that the same "strategic partner" of the United Nations, which claims it "works with the United Nations and other partners to fulfill the promise of the Paris Agreement on climate change," is financing and placing 'staff' to represent the interests of the United States in the State Department in dealings with and issues of concern to, *inter alia*, the United Nations.

18. Records responsive to this request will shed light on "SPEC" involvement with the program including whether ideological private parties are paying for State Department "staff" in this already highly unique and thoroughly opaque Office.

19. The information sought is plainly public information subject to release under FOIA, and of great public interest.

20. The information sought is plainly public information subject to release under FOIA, and of great public interest.

21. Plaintiff requested a waiver of its fees on the alternative bases of the public interest and Plaintiff's status as a media requester as recognized by federal agencies for FOIA purposes.

22. On January 10, 2024, Defendant acknowledged the request assigning it request number F-24-04904.

23. That is the only correspondence Plaintiff has received regarding this request.

24. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

25. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

26. State owed Plaintiff a "*CREW*" response to its request, including a "determination" on Plaintiff's requests in the alternative for fee waiver, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than February 8, 2024.

27. However, State has provided no substantive response or "determination" with respect to the request or the requests in the alternative for fee waiver.

28. State is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

31. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

32. Plaintiff is not required to further pursue administrative remedies.

33. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. State's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    c. State must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

36. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

37. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to State's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

38. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

40. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Power the Future respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 19th day of February 2024,

POWER THE FUTURE
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
Max Will, PLLC
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com